DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Busson Photography, Inc., | ) | |
| | ) | CASE NO. 5:06 CV 1976 |
| Plaintiff(s), | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Heidelberg USA, Inc., | ) | |
| | ) | (Resolving Doc. No. 12) |
| Defendant(s). | ) | |
| | ) | |

Before the Court is defendant's Rule 12(b)(6) motion to dismiss (Doc. No. 12), plaintiff's memorandum in opposition (Doc. No. 15) and defendant's reply (Doc. No. 16).  The motion was filed in lieu of an answer to the amended complaint.  The Case Management Conference is set for October 26, 2006; therefore, the Court is of the view that this motion should be resolved immediately.

## I.  Background

Plaintiff filed this action on July 7, 2006 in the Summit County Court of Common Pleas. Defendant removed the action on August 17, 2006, on the basis of diversity jurisdiction.  On the very same day, defendant filed a motion to dismiss.

The Court set the case for a Case Management Conference, but also sua sponte directed the plaintiff to file an amended complaint.[1]  Plaintiff did so on September 13, 2006.  See Doc. No. 9.  Defendant then filed the current motion (Doc. No. 12) based on the amended complaint.

---

[1] This directive had nothing to do with the fact that there was a pending motion to dismiss.  It is this Court's practice to personally examine every new complaint and to require amended complaints where, in the Court's view, the original complaint is "boilerplate" in nature.

(5:06 CV 1976)

In its amended complaint, plaintiff sets out three causes of action: (1) breach of warranty; (2) revocation of agreement; and (3) failure to credit account.  Plaintiff has attached the relevant agreement as an exhibit to the complaint.

The facts underlying the amended complaint are as follows.  On March 22, 2004, plaintiff and defendant entered into a sale contract and security agreement under which plaintiff purchased from defendant certain printing equipment and related software at a price of $676,665.  Plaintiff was credited $150,000 for trade-in equipment and there was a finance charge of $106,261.80, for an overall total of $782,926.80.  (See Exh. A to Amended Complaint).  Plaintiff alleges that the sale was "on the condition and warranty of the Defendant that the printing equipment would be fit and adequate for the purposes and use intended."  (Am. Compl. ¶ 3).  Plaintiff further alleges that "despite the repair and maintenance services, the printing equipment has not functioned properly and is not fit and adequate for the use intended."  (Id. ¶ 6).  Plaintiff alleges that it "accepted the goods not knowing that the goods failed to conform to the agreement . . ." (id. ¶ 10) and that "[a]fter discovering the Defendant's breach and the nonconformity, and within a reasonable time, Plaintiff notified Defendant of the breach and revoked the acceptance[.]"  (Id. ¶ 11).  Finally, plaintiff alleges that "[a]s a result of the constant and persistent problems with the machine Defendant, by and through agents, extended the warranty on the machine in question for an additional six months or until July 2005."  (Id. ¶ 14).  Plaintiff alleges that, despite the extended warranty, defendant has increased plaintiff's open account and failed to give credits in the total amount of $9,748.79.  (Id. ¶¶ 16-18).

2

(5:06 CV 1976)

## II.  Discussion

### A.  The Motion

Defendant's motion asserts that the sale was made pursuant to the very particular terms set forth in the agreement attached as Exhibit A to the Amended Complaint and that, under those terms, it is entitled to dismissal of the amended complaint.

First, defendant argues that the claims are outside the one-year statute of limitations built into the contract.  (See Exh. A, p. 2, § 1 and p. 4, § "General").  Second, defendant asserts that it expressly disclaimed any and all warranties beyond the one-year contractual period during which it agreed to warrant against defective parts or workmanship.  (See Exh. A, p. 2, § 4).  Third, defendant asserts that plaintiff's retention and use of the equipment for almost two years is inconsistent with revocation.  And, fourth, defendant asserts that plaintiff has failed to set forth any facts in support of the claim that it is entitled to certain "credits" and/or has been improperly charged for repair services.

### B.  Standard on a Motion to Dismiss

"A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (footnote omitted)).  When a complaint is challenged under Fed. R. Civ. P. 12(b)(6), its allegations should be construed favorably to the plaintiff, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), and its factual allegations, "construed as to do substantial justice," Fed. R. Civ. P. 8(f), must be accepted as true.  See United States v. Gaubert, 499 U.S. 315, 327 (1991); Hishon, 467 U.S. at 73; Conley,

(5:06 CV 1976)

355 U.S. at 48.  See also Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740

(1976) ("take as true the material facts alleged").  The sufficiency of a complaint, however, is a

question of law, Dugan v. Brooks, 818 F.2d 513, 516 (6th Cir. 1987), and the court "need not

accept as true legal conclusions or unwarranted factual inferences."  Morgan v. Church's Fried

Chicken, 829 F.2d 10, 12 (6th Cir. 1987) (citations omitted).

## C.  Analysis

There is no dispute that, by the terms of the relevant agreement, Georgia law governs this

dispute.

Without any supporting evidence, plaintiff has declared that defendant extended the one-

year warranty.  It also has declared that it gave defendant notice of its intent to revoke the

contract.  Finally, it asserts that the date of the agreement is not the relevant date for counting the

statute of limitations, but rather the date on which plaintiff knew that defendant had failed to

make the necessary warranted repairs.  Plaintiff does not state exactly what that date would be.

Taking the facts alleged in the amended complaint as true and viewing them in the light

most favorable to the plaintiff, the Court is unwilling to say that the complaint fails to state a

claim.  It may be that the complaint will ultimately not survive a motion for summary judgment;

however, the Court is unwilling to simply throw it out on a cursory motion to dismiss.

This case may turn on the nature and extent of the warranties given by the defendant and

whether or not the defendant extended the one-year warranty period that appears to be contained

in the written agreement or whether there is any equitable reason for such an extension.  The

Court is guided by Georgia case law.

4

(5:06 CV 1976)

In <u>Esquire Mobile Homes, Inc. v. Arrendale</u>, 356 S.E.2d 250 (Gt. Ct. App. 1987), mobile home buyers brought an action against the seller seeking revocation of acceptance of the mobile home. The trial court entered judgment in favor of the buyers after a jury trial and the seller appealed arguing that it had delivered the precise mobile home described in the contract which made nonconformity an impossibility.[2] The court of appeals concluded that there was "ample support" for the jury's finding that the mobile home was "non-conforming," even though it was the precise mobile home described in the contract. The court reiterated prior Georgia case law setting forth "the general rule that the question of whether goods are nonconforming is a question of fact to be determined within the framework of the facts of each particular case." <u>Id</u>. at 252.

The <u>Arrendale</u> court also rejected the seller's argument that it had excluded all warranties from the sale agreement, stating: "The short answer to this assertion is that revocation of acceptance under OCGA § 11-2-608 'is an available remedy even where the seller has attempted to limit its warranties.' " <u>Id</u>. (citations omitted). The court, citing <u>Freeman v. Hubco Leasing</u>, 324 S.E.2d 462 (Ga. 1985), found the exclusion of warranties to be "unconscionable," where the buyers had paid $66,000 and had no available remedies except against a defunct manufacturer.

In the instant case, there are significant factual disputes about the dealings between these parties, including, but not limited to, the terms of the contract and whether and when plaintiff may have attempted to revoke the deal. Here, plaintiff paid close to $783,000 for equipment

---

[2] The contract provided that the seller was selling a new, brown 1984 Spirit mobile home, model 4009, serial number 1959, containing three bedrooms and being 60 feet in length and 24 feet in width.

(5:06 CV 1976)

that, according to plaintiff, still does not work.  Defendant argues that plaintiff has no recourse

because all but limited warranties were excluded.  As in <u>Arrendale</u>, this may be an

unconscionable position.

Furthermore, in <u>Griffith v. Stovall Tire & Marine, Inc.</u>, 329 S.E. 2d 234 (Ga. Ct. App.

1985), the court noted that "issues such as whether an effective revocation of acceptance was

made, whether reasonable notice of revocation was given to the seller, and whether the value of

the goods was substantially impaired are ordinarily matters for determination by the trier of fact,

even where the buyer has continued to use nonconforming goods after an alleged revocation of

acceptance."  <u>Id</u>. at 236.  Although <u>Griffith</u> was ultimately summarily decided as a matter of law

against the plaintiff because "the uncontroverted facts establish[ed] that [the] plaintiff [was] not

entitled to recover[,]" <u>id</u>. at 237, the instant case is not procedurally in a position where anything

is "uncontroverted."

### III.  Conclusion

The Court is of the view that, construing the allegations of the complaint in plaintiff's

favor, defendant's Rule 12(b)(6) motion to dismiss (Doc. No. 12) must be denied.

Defendant is directed to file its answer to the amended complaint by no later than

Tuesday, October 24, 2006.

IT IS SO ORDERED.


 October 13, 2006                               *s/ David D. Dowd, Jr.*
Date                                            David D. Dowd, Jr.
                                                U.S. District Judge


6